IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 3-91-0646 |
| ) | JUDGE NIXON/KNOWLES |
| ) | |
| HAZEL J. MORGAN, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon a "Motion," filed by the pro se Defendant, the body of which states in full as follows:

> The Defendant, Hazel Morgan, moves the Court to be released from **ALL** loans stated past due from April 1982 to December 1987 **WHICH SHOULD HAVE BEEN INCLUDED** in the satisfaction of judgment which was entered on September 11, 2002. And that **ALL** garnishments and tax refunds and/or liens be released. These loans and/or debts include:
>
> GSL DEBT ID # G199309023077101
> GSL DEBT ID # G199309023077202
> FISL DEBT ID # F198704000663001
> FISL DEBT ID # F198704000663002
> FISL DEBT ID # F198704000663003

Docket No. 4.

Plaintiff filed its Complaint in this action on August 12, 1991, more than 17 years ago, seeking to recover $8,031.37 from Defendant. Docket No. 1. The debt arose from one or more student loans that were made to Defendant between 1982 and 1983.

On September 17, 1991, Plaintiff and Defendant executed "an Agreed Order" granting Plaintiff a judgment in the amount of $8,031.37, plus interest, a surcharge, and costs. Docket No. 2. The "Agreed Order" provided that Defendant would make payments of $100 per month until the judgment was paid. The "Agreed Order" was entered by the Court on September 25, 1991. *Id.*

On September 12, 2002, Plaintiff filed a "Satisfaction of Judgment and Release of Judgment Lien," stating that it had received full payment of the judgment entered on September 25, 1991. Docket No. 3.

More than 5 years later, on October 2, 2007, Defendant submitted the instant Motion. As discussed above, Defendant seeks to be "released from" loans which "should have been included" in the Satisfaction of Judgment that was entered September 11, 2002. Defendant also requests that "all garnishments and tax refunds and/or liens be released." Defendant cites no legal authority in support of the instant Motion.

Plaintiff has filed a Response to the Motion, with the Declaration of Linda Faatalale. Docket Nos. 9, 9-1. The Declaration establishes that the first two loans referred to in the instant Motion were not the subject of Plaintiff's Complaint filed in 1991. (Although it is somewhat unclear, it appears that the other three loans listed by Plaintiff in the instant Motion were part of the original Complaint.) The Declaration also establishes that the two loans that were not included in this action were the subject of a compromise between the U.S. Department of Education and Defendant that was reached in 2008.

As discussed above, Defendant has cited no authority for the instant Motion. The Motion apparently does not seek to alter or amend the Agreed Order that was entered September 25,

2

1991; if it did, it would be improper under either Fed. R. Civ. P. 59(e) (because it was not filed within ten (10) days of the entry of that judgment), or Fed. R. Civ. P. 60 (because it was not filed within a reasonable time after the entry of the judgment and because none of the grounds set forth in Rule 60 are present here). Instead, Defendant apparently seeks to alter or amend the "Satisfaction of Judgment" by including therein two loans that were never the subject of any judgment entered in this action.

For the foregoing reasons, Defendant's "Motion" (Docket No. 4) should be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

                                                /s/ E. Clifton Knowles
                                                E. Clifton Knowles
                                                United States Magistrate Judge